IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETRO STAR, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>BP OIL SUPPLY CO., BP PRODUCTS NORTH AMERICA INC.,<br><br>    Defendants. | Case No. 3:11-cv-0064-RRB<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT** |

    Before the Court, at Docket 89, is Defendant BP Products North America, Inc.,(BP), successor-in-interest to BP Oil Supply Company, with a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56. Plaintiff Petro Star, Inc.,(Petro Star) opposes at Docket 95 and Defendant replies at Docket 99.

    The matter has been fully briefed and does not require oral argument. Therefore, the Requests for Hearing at **Docket 102** and **Docket 109** are hereby **DENIED**.

    For the reasons set forth below, the Court hereby **GRANTS** BP's Motion for Summary Judgment.

I. **FACTS**

This is a contract dispute between BP and Petro Star regarding the purchase and sale of crude oil produced on the North Slope of Alaska. The dispute involves the interpretation of certain sales and exchange contracts negotiated by the parties between 1992 and 2000. The parties do not disagree significantly on the factual history surrounding these contracts, although there is some dispute as to the industry practice surrounding tariff refunds. The Court, however, does not feel that a detailed recitation of the facts is required here and accepts the factual presentation of the parties in their respective briefings, while of course taking any factual disputes there might be in a light most favorable to Petro Star, the non-moving party.

II. **STANDARD OF REVIEW**

This matter is governed by Rule 56 of the Federal Rules of Civil Procedure which requires the Court to grant summary judgment if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.

III. **DISCUSSION**

Although complex on the surface, with extensive exhibits and technical contract language, the dispute before the Court is a rather straightforward matter of contract construction between two sophisticated business entities. The Court has fully studied the

ORDER GRANTING MOTION FOR
 SUMMARY JUDGMENT AT DOCKET 89 - 2
3:11-CV-0164-RRB

pleadings of the parties and the various exhibits and affidavits. While there may be some minor factual disputes, none of them is material or serves to supplant the clear language of the contracts involved.

In the instant case, BP and Petro Star entered into an agreement for the purchase and sale of crude oil to be delivered by BP to Petro Star's North Pole refinery by way of the Trans Alaska Pipeline for a specific price per barrel. It was a customary commercial contract. BP was the owner and shipper of the oil and assumed all the risks and costs associated with transporting the oil to the North Pole Refinery. Petro Star was the purchaser and recipient of the oil. Its only obligation was to pay for the oil it received and used. The negotiated per barrel price was one that both parties were satisfied with at the time the contracts were entered and was the price paid by Petro Star, without complaint, throughout the history of the contracts. Years later, after significant litigation, BP received a refund for part of the intra-state tariff charged by the pipeline owners for the transport of this oil. Petro Star contends that this money should go to it inasmuch as this cost was included in determining the per barrel price that BP charged for the oil. The contracts, however, contained no language that would justify this demand or that would require a retroactive price adjustment in the event tariff rates

were subsequently revised. And Petro Star, understanding that tariff charges were always subject to possible change, could have sought such language during the contract negotiating process, but did not. Petro Star cannot now receive the benefit of being a shipper, while expressly placing this burden on BP as part of the contract negotiations. Nor can it seek now to modify its contract with BP after the passage of many years, with the benefit of hindsight, and without any consideration for what would amount to a significant and unjustified contract modification.

The Court finds BP's Reply memorandum at Docket 99 particularly persuasive and incorporates it herein. The contract language, as well as the course of performance between the parties, clearly supports BP's position. Moreover, there is no evidence of industry practice requiring the refunds Petro Star seeks, absent express retroactivity provisions in the contract. And even if there were such a practice, it would not trump the clear contract language or the course of performance between the parties.

The Court also rejects Petro Star's claims of unconscionability and unjust enrichment. On the contrary, given the clear contract language, it would be unconscionable to require the relief requested and would amount to a windfall for Petro Star to receive the monies sought. Petro Star long ago passed the charges for the oil it purchased from BP to its customers and no evidence

has been provided to show that Petro Star was damaged by these charges or by the terms of the negotiated contracts. If Petro Star's arguments were accepted here, and taken to their logical extreme, one might then wonder if Petro Star's various customers might more appropriately be entitled to the refunds sought.

The parties' briefing goes beyond that which has been discussed above. The bottom line, however, is that this dispute must be determined by the contracts themselves and by traditional notions of contract law. These contracts were valid commercial contracts entered into by sophisticated parties who were well aware of what they were doing when negotiating and executing them. There is no need or justification for the Court to reform or re-write the parties' contracts now. The contract language is clear and unambiguous and must control the outcome of this dispute. Nowhere do these contracts provide for the relief Petro Star seeks. Moreover, what someone thinks someone else may have thought or secretly intended years ago is irrelevant. What one wishes someone would have said or done years ago is irrelevant. What is relevant is the actual agreement reduced to writing and adhered to by the parties throughout the course of the contract. Petro Star has provided no reliable evidence to suggest otherwise. These written agreements and the subsequent conduct of the parties compel the Court to rule in favor of Defendant as a matter of law.

Therefore, for the reasons set forth above, as well as for the reasons articulated clearly by BP in its pleadings, the Court hereby **GRANTS** BP's Motion for Summary Judgment at **Docket 89**. The case is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED** this 7th day of December, 2012.

```
                          S/RALPH R. BEISTLINE
                          UNITED STATES DISTRICT JUDGE
```